

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00351-CR

———————————————

ROBERT MICHAEL EUBANK, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR12185

---

Before Gabriel, Pittman, and Birdwell, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant Robert Michael Eubank appeals from the trial court's revocation of his community supervision, adjudication of his guilt for possession of more than 4 but less than 200 grams of methamphetamine with the intent to deliver, and imposition of a 30-year sentence. We modify the trial court's judgment adjudicating guilt to delete two charged costs and affirm it as modified. *See* Tex. R. App. P. 43.2(b).

Eubank was indicted with the intentional or knowing possession of more than 4 but less than 200 grams of methamphetamine with the intent to deliver—a first-degree felony. *See* Tex. Health & Safety Code Ann. § 481.112(a), (d); *see also id.* § 481.102(6). Eubank and the State entered into a plea-bargain agreement under which Eubank agreed to plead guilty in exchange for the State's recommendation that an adjudication of his guilt be deferred and that he be placed on community supervision for a period of ten years. As part of the guilty-plea memorandum, Eubank signed a sworn judicial confession to the charged offense, stating that his plea was "made of [his] own free will because [he was] guilty and for no other reasons" and that he voluntarily waived his right to appeal. Further, Eubank was notified that his court costs at that time included a $500 court-appointed attorney fee. The trial court followed the State's recommendation and placed Eubank on community supervision for ten years without adjudicating his guilt. The trial court then certified that Eubank had no right to appeal the deferred-adjudication order. *See* Tex. R. App. P. 25.2(a)(2).

During the period of community supervision, the State moved to proceed to an adjudication of Eubank's guilt based on his violations of the imposed terms and conditions of community supervision. At the hearing on the State's motion, Eubank pleaded not true to each of the State's violation allegations. Eubank's community-supervision officer testified and specified how Eubank had failed to comply as alleged in the State's motion. The trial court found that Eubank had violated the terms and conditions of his community supervision, adjudicated him guilty of the indicted offense, and sentenced him to thirty years' confinement. The trial court included in its judgment adjudicating guilt $433.38 in court costs; this amount is supported by the district clerk's subsequent, itemized bill of cost. *See* Tex. Code Crim. Proc. Ann. art. 103.001(b). The trial court certified that Eubank had the right to appeal from the adjudication and found that he was entitled to court-appointed counsel on appeal. *See* Tex. R. App. P. 25.2(a)(2).

Eubank's court-appointed appellate counsel has filed a motion to withdraw, accompanied by a brief in support of that motion. In his thorough brief, counsel states that in his professional opinion, this appeal is frivolous and without merit. The brief and motion present a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Although Eubank requested a copy of the appellate record and was provided with one, he has not

responded to his counsel's *Anders* brief or motion to withdraw. Similarly, the State did not respond to counsel's motion and brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders* and *Kelly*, we have a supervisory obligation to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). In this evaluation, we consider the record, the arguments raised in the *Anders* brief, and any response filed by the pro se appellant. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008) (orig. proceeding).

After reviewing the itemized bill of cost, we conclude that two amounts must be deleted from the total amount charged as court costs in the judgment. First, we find no statutory authority authorizing the $15 assessed for "Motion to Proceed/Revoke" in the itemized bill of cost. *See Thomas v. State*, No. 02-18-00337-CR, 2019 WL 166001, at *2 (Tex. App.—Jan. 10, 2019, no pet.) (per curiam) (mem. op., not designated for publication). Because "[o]nly statutorily authorized costs may be assessed against a criminal defendant," we must delete that amount from the costs charged in the judgment. *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014); *see Thomas*, 2019 WL 166001, at *2. Second, the $4.38 charged as a "RESTITUTION FEE" is punitive in nature and must be orally pronounced upon revocation and adjudication. *See Weir v. State*, 278 S.W.3d 364, 365–66 (Tex. Crim. App. 2009); *see also*

4

Tex. Code Crim. Proc. Ann. art. 42.037(g). It was not; thus, this amount must be deleted as well. All other costs in the bill are either statutorily authorized and nonpunitive or were not appropriately challenged after the deferred-adjudication order was entered as required. *See, e.g.*, Tex. Gov't Code Ann. §§ 51.851(d), 102.021–.0212; Tex. Loc. Gov't Code Ann. §§ 133.102–.107; Tex. Code Crim. Proc. Ann. arts. 102.0045, .005, .008, .011, .0169, .017, .0178, .020; *Riles v. State*, 452 S.W.3d 333, 337–38 (Tex. Crim. App. 2015).

Other than these minor adjustments to the charged costs, there is nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Thus, we grant counsel's motion to withdraw, modify the judgment and the attached order to withdraw funds to reflect $414 in court costs,[1] and affirm the trial court's judgment as modified. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988); *Kelly*, 436 S.W.3d at 318–19; *Boone v. State*, No. 02-15-00417-CR, 2016 WL 4040563, at *2–3 (Tex. App.—Fort Worth July 28, 2016, no pet.) (mem. op., not designated for publication).

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 27, 2019

---

[1]$433.38 – $15.00 – $4.38 = $414.